**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SHARON MARUCCI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: |
| | * | |
| GREATER BALTIMORE MEDICAL | * | |
| CENTER, INC., | * | |
| | * | |
| Defendant. | * | |

/

**NOTICE OF REMOVAL**

Defendant, Greater Baltimore Medical Center, Inc. ("GBMC"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1441, *et seq.*, hereby removes this action filed as *Sharon Marucci v. Greater Baltimore Medical Center, Inc.*, Case No. C-03-CV-22-005178, from the Circuit Court for Baltimore County, Maryland, in which the action is now pending, to the United States District Court for the District of Maryland, and as grounds for removal states as follows:

1.      Plaintiff, Sharon Marucci, filed this action against Defendant in the Circuit Court for Baltimore County, Maryland on or around December 23, 2022.  Copies of all process, pleadings, and orders filed in the state court action are attached hereto as Exhibits 1 to 7.  *See* 28 U.S.C. §1446(a).  A copy of the docket sheet from the state court action is attached hereto as Exhibit 8.

2.      Defendant received a copy of the summons and Complaint by a private process server on January 26, 2023. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days after Defendant's receipt of a copy of the initial pleading through service or otherwise.

3.      Venue is proper in the United States District Court for the District of Maryland because it is the District Court for the District within which Plaintiff's state court action is currently pending.

4.      The United States District Court for the District of Maryland has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 based upon federal question jurisdiction because Plaintiff alleges that Defendant violated Title VII of the 1964 Civil Rights Act ("Title VII"). Plaintiff alleges that Defendant violated her rights under Title VII by denying her requests for a reasonable accommodation to the COVID-19 vaccine and refusing to consider her for positions which did not require direct patient care. *See* Exhibit 1, Compl. ¶¶ 2, 41-49. Plaintiff's Count I is brought pursuant to Title VII, a federal anti-discrimination law, and states "The Defendant has violated Title VII of the 1964 Civil Rights Act in engaging in a pattern of discrimination against the Plaintiff and by creation of a hostile work environment." Plaintiff seeks front pay, back pay, compensatory damages, and punitive damages pursuant to 42 U.S.C. § 1981a, which is a federal law. *See id.* ¶¶ 47-49, 54.

5.      Plaintiff also alleges that Defendant created a hostile work environment for individuals with a religious objection to the COVID-19 vaccination through establishing promotions which rewarded employees who were vaccinated, and that Plaintiff has suffered damages due to these alleged violations. *Id.* at ¶ 32.

6.      Plaintiff further alleges Defendant violated Maryland Code State Government Article § 20-606. This Court should exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1387, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .." Claims are part of the same case or controversy if they stem from a

"common nucleus of operative facts." *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 116 (4th Circ. 2001) (*citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, (1966)). Generally, only a "loose factual connection between the claims" is required for claims to arise from a common nucleus of operative facts. *Posey v. Calvert Cnty. Bd. Of Educ.*, 262 F. Supp. 2d 598, 600 (D. Md. 2003). Here, Plaintiff's federal Title VII and state law claims arise from the same nucleus of operative facts; indeed, they are parallel state and federal claims arising from the same allegations of discrimination. Accordingly, the Court should exercise jurisdiction over both claims.

7.      There is no other Defendant in this action.  Thus, pursuant to 28 U.S.C. § 1446(b)(2)(A), no other Defendant need consent to the removal of this action.

8.      As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will file a copy of this Notice with the Clerk of the Circuit Court for Baltimore County, Maryland, and will provide Plaintiff with a copy of such Notice as well.  Attached hereto as Exhibit 9 is a copy of the Notice of Filing Notice of Removal, which will be filed in the Circuit Court for Baltimore County, Maryland.

9.      Defendant requests that the United States District Court for the District of Maryland assume jurisdiction over the above-captioned action, and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

10.     Defendant shall file a certification that all filings in the state court action have been filed in the United States District Court for the District of Maryland within 30 days.

3

Dated: February 24, 2023                    Respectfully submitted,


                                            _____/s/_____
                                            Lindsey A. White (Bar No. 29183)
                                            SHAWE ROSENTHAL LLP
                                            One South Street, Suite 1800
                                            Baltimore, MD 21202
                                            Telephone: (410) 752-1040
                                            Facsimile: (410) 752-8861
                                            white@shawe.com

                                            *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2023 a copy of the foregoing Notice of Removal was electronically filed and thereby served upon:

Jennifer Bland Lester
Law Office of Jennifer Lester
17 W. Jefferson Street, Suite 100
Rockville, MD 20850
jelester@earthlink.net

*Attorney for Plaintiff*


        /s/
Lindsey A. White

#1065057

5