# Exhibit 1

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

SHANNON MARUCCI                  *
604 Roxburch Terrace
Bel Air, Maryland 21015            *

      PLAINTIFF                *

V.                                  *      Case No.:     C-03-CV-22-005178

GREATER BALTIMORE MEDICAL CENTER, INC. *
6701 North Charles Street
Baltimore, Maryland 21204        *

      DEFENDANT             *

SERVE ON: JOHN B. CHESSARE        *
6701 N. Charles Street
Baltimore, Maryland 21204        *
RESIDENT AGENT
*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT FOR EMPLOYMENT DISCRIMINIATION, WRONGFUL TERMINATION, AND DEMAND FOR JURY TRIAL

Shannon Marucci, Plaintiff, by and through her attorney, Jennifer Bland Lester, hereby files her Complaint for Employment Discrimination, Wrongful Termination, and Demand for Jury Trial, against Greater Baltimore Medical Center, and in support of her Complaint states the following:

### INTRODUCTION

1.     The Plaintiff brings her employment discrimination complaint against Greater Baltimore Medical Center ("GBMC") pursuant to Md. Code, State Gov't, § 20-1013, which permits a litigant to bring a civil action against an employer for an unlawful employment practice after a 180 days after the filing of an investigation of an initial administrative charge under a federal, state, or local law.

2.      The Plaintiff initially filed an administrative action against GBMC with the Equal

Employment Opportunities Commission ("EEOC") pursuant to GBMC's violation of 42 U.S.C.

§ 2000 *et. seq.* (Title VII of the Civil Rights Act of 1964), as amended by the Civil Rights Act of

1991.

3.      At least 180 days have elapsed since the filing of the Plaintiff's administrative complaint,

and this action is filed within two years of the unlawful employment practice.

## JURISDICTION AND VENUE

4.      Plaintiff, Shannon Marucci, is over the age of eighteen, and has resided at the above

address for more than one year prior to the filing of this Compliant.

5.      Defendant, Greater Baltimore Medical Center, Inc. (hereinafter "GBMC" or Defendant)

is an incorporated business organized and operating under the laws of the State of Maryland,

with its principal place of business at the captioned address above in Baltimore County,

Maryland.

6.      At all times material to the Complaint and allegations herein, the Defendant employed the

Plaintiff at its main location in Baltimore County, Maryland.

7.      The Plaintiff has exhausted her administrative remedies pursuant to Md. Code, State

Gov't § 20-1013. (See attached as Exhibit A, a true and correct copy of the Plaintiff's

determination and notice of rights issued by the EEOC on September 29, 2022.)

8.      All of the acts of employment discrimination and tortious conduct described herein

occurred within the State of Maryland, and specifically in Baltimore County, Maryland.

9.      The jurisdiction of this Court is proper pursuant to Maryland Cts. & Jud. Proc. Ann. Code

§ 6-102 and § 6-103.

10.     Venue is proper in the Circuit Court for Baltimore County pursuant to Md. Code, State Gov't §20-1013(b) because the Defendant conducts business in this district, carries on its principal place of business in this district, and employed the Plaintiff at this location in Baltimore County.

## PARTIES

11.     Shannon Marucci, Plaintiff, is over the age of eighteen and currently is, and was at the time of all events described herein, a resident of Harford County, Maryland.

12.     GBMC, Defendant is a medical facility founded in 1965, which provides acute and sub-acute medical care in a hospital setting in the Baltimore County, Maryland.

## FACTS COMMON TO ALL COUNTS

13.     The Plaintiff worked as a registered nurse ("RN") at GBMC from October 2014 until her discharge in March 2022.

14.     The Plaintiff was initially hired by the Defendant in October 2014 as a registered nurse ("RN") to work in the hospice center at Gilchrest. In July 2015, the Plaintiff transferred to GBMC's main hospital and worked in GBMC as an agency nurse. In June 2016, the Plaintiff was directly hired by GBMC to work as a staff nurse in the progressive care unit where she worked in the cardiac unit and as a clinical unit coordinator where she was responsible for scheduling the night-shift.

15.     In June 2017, the Plaintiff transferred to the newborn nursery unit where she worked until October 2019. In October 2019, the Plaintiff transferred to the orthopedic surgery unit where she worked an alternate weekend schedule.

16.     In March 2020, at the start of the COVID-19 pandemic, the Plaintiff filed a request for a reasonable accommodation as she was pregnant and did not want to risk complications in caring

3

for COVID-19 patients, the Plaintiff's request was granted and she was provided with a reasonable accommodation excusing her from working on COVID-19 floors.

17.     During this time, GBMC provided employees with Personal Protective Equipment ("PPE") in the form of masks and face shields; however, GBMC required the Plaintiff, and other employees, re-use the PPE for up to 3 weeks at a time.

18.     In August 2020, after the Plaintiff returned from maternity leave she was required to work with COVID-19 patients and to continue to re-use PPE.

19.     In February 2021, the Plaintiff suffered a stroke which required immediate and continuing medical care.

20.     In August 2021, the Plaintiff was assaulted by a patient and suffered a hand-injury which required medical care, including physical therapy, while recuperating from her work-related injury the Plaintiff's boss contacted her and informed her that GBMC instituted a COVID-19 vaccine requirement for all employees.

21.     On August 27, 2021, GBMC began requiring weekly COVID-19 testing for all employees who had not received the COVID-19 vaccine.

22.     In September, 2021, the Plaintiff's treating physician issued a written recommendation that the Plaintiff be excused from the COVID-19 vaccine mandate due to medical issues related to the stroke she suffered in February 2021.

23.     GBMC unreasonably denied the Plaintiff's request for a medical exemption and required the Plaintiff to receive the COVID-19 vaccine within 5 days or face termination.

24.     The Plaintiff filed a second request for an accommodation to the COVID-19 vaccine based on issues related to her stroke which was supported by an additional statement from her

4

treating physician. In addition, the Plaintiff filed an additional request for an exemption based on her sincerely held religious beliefs.

25.     Both of the Plaintiff's request for a reasonable accommodation to the COVID-19 vaccine were unlawfully denied as GBMC alleged that medical issues related to her stroke did not prevent her from receiving the COVID-19 vaccine, despite the contrary advice of her treating physician, and GBMC further alleged that they could not provide her with a reasonable accommodation to her request for a religious exemption request.

26.     Instead of offering a reasonable accommodation, GBMC informed the Plaintiff that she could search for a job opening which was not "clinical" or direct patient care, and GBMC would consider the Plaintiff for this alternative position.

27.     The Plaintiff did in fact search for positions which did not require direct patient care, and she found several positions which qualified, including working in a self-contained office to run monitoring equipment, and working at a nurse's station answering phones, both positions did not require direct patient interaction.

28.     GBMC refused to consider the Plaintiff for these positions as a reasonable accommodation.

29.     During her entire tenure of employment at GBMC, the Plaintiff was qualified to perform her job as an RN, and in fact did perform her duties without issue or complaint.

30.     At the time of her discharge from GBMC, the Plaintiff was working 24 hours per week, but receiving pay based on a 32 hours per week schedule at a rate of approximately $40.18 per hour with additional hourly compensation for working nights and weekends. She also received other employment benefit, including health insurance.

5

31.     The Plaintiff was a "front-line worker" during the COVID-19 pandemic as she worked at GBMC throughout the COVID-19 pandemic, including after the COVID-19 vaccine was released into the market place in late 2020, caring for patients, and performing all of her duties as an RN without causing any illness or harm to patients or co-workers.

32.     Throughout 2021, even prior to the announcement of its COVID-19 vaccine mandate, GBMC created a hostile work environment for individuals that had a religious objection to the COVID-19 vaccination through establishment of various promotions which rewarded employees who were vaccinated with the COVID-19 vaccine, including providing a green star which displayed the word "vaccinated" for employees to wear as part of their uniform. In addition, GBMC created competitions between employees by offering COVID-19 vaccinated employees the opportunity to win prizes in regular raffle drawings as a way of encouraging COVID-19 vaccine uptake.

33.     All of these actions by GBMC which unlawfully disclosed employee's protected medical information through publicly identifying which employee had been vaccinated, and enrollment of only vaccinated employees into raffles for prizes, created a hostile work environment for the Plaintiff and other employees who had a sincerely held religious belief against the COVID-19 vaccine and who could not receive the COVID-19 vaccine due to a medical contradiction.

34.     These actions by GBMC resulted in the Plaintiff's protected medical information being disclosed without her permission and resulted in the Plaintiff experiencing discriminatory treatment by fellow employees, superiors, and patients.

35.     The Plaintiff was provided with an extension to receive the COVID-19 vaccine until December 1, 2021. The Plaintiff did not get vaccinated and after December 1, 2021 was placed on unpaid leave while her worker's compensation case concluded.

36.     In March 2022, the Plaintiff reached an agreement regarding her worker's compensation claim, and separated from employment with GBMC.

37.     The Plaintiff's worker's compensation settlement preserved her right to purse a religious and medical discrimination action against GBMC.

38.     Since her separation from GBMC the Plaintiff has been offered several positions at other local hospitals and medical centers, all granting her a religious exemption to the COVID-19 vaccine, rendering GBMC's claim that they could not provide a reasonable accommodation to the Plaintiff without merit.

39.     Despite the Plaintiff's ability to obtain another position, she continues to experience financial loss as she is not paid at the same rate and does not receive the same benefits.

40.     The Plaintiff has suffered emotional and psychological distress in GBMC's unlawful denial of her request for a reasonable accommodation based on the Plaintiff's sincerely held religious beliefs and disability which prevented her from receiving the COVID-19 vaccine.

**COUNT I: The Defendant has violated Title VII of the 1964 Civil Rights Act in engaging in a pattern of discrimination against the Plaintiff and by creation of a hostile work environment.**

41.     The Plaintiff hereby incorporates paragraphs one through forty as if fully asserted herein.

42.     Defendant has created a hostile work environment against the Plaintiff and other individuals who did not receive the COVID-19 vaccine due to her medical disability and her sincerely held religious beliefs by promotion of the COVID-19 vaccine, and identification of the vaccination status of each employee through the requirement that employees wear a star to identify their vaccination status and through contests which were limited to employees who had been vaccinated.

43.     In October 2021, the Plaintiff filed a timely Charge of Discrimination alleging wrongful denial of a reasonable accommodation based on her sincerely held religious beliefs with the Equal Employment Opportunity Commission ("EEOC").

44.     The Plaintiff amended her filing with the EEOC to include denial of her request for a reasonable accommodation based on her disability.

45.     On or about September 29, 2022, the Plaintiff received her "Dismissal and Notice of Rights" letter from the EEOC for her Charge of Discrimination.

46.     The Plaintiff is filing this action under Title VII within ninety (90) days after receipt of her "Notice of Right to Sue" letter from the EEOC.

47.     Defendant's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits and prestige.

48.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

49.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling the Plaintiff to punitive damages pursuant to 42 U.S.C. § 1981 a

**COUNT II:  The Defendant has violated Title 20, of the State Government Article, Maryland Annotated Code, by engaging in a *quid pro quo* pattern of religious discrimination against the Plaintiff and through the creation of a hostile work environment.**

50.     The Plaintiff hereby incorporates paragraphs one through forty nine as if fully asserted herein.

51.     In addition to violations of Federal law, the Defendant has violated Maryland law which prohibits an employer from discharging an employee on the basis of religion and disability. See Md. State Government Ann. Code § 20-606.

8

52.     Defendant's discriminatory conduct in violation of both federal and state law has caused the Plaintiff to suffer a loss of pay, benefits and prestige.

53.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

54.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's rights protected by federal and state law thereby entitling her to compensatory and punitive damages.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court:

A.  Grant full front pay to the Plaintiff;

B.  Grant full back pay to the Plaintiff;

C.  Grant the Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by the Defendant's conduct;

D.  Grant the Plaintiff punitive damages for Defendant's malicious and recklessly indifferent conduct;

E.  Grant the Plaintiff expenses of litigation, including reasonable attorneys' fees;

F.  Grant the Plaintiff a jury trial; and

G.  Any and such other further relief as the nature of her cause may require.

Respectfully Submitted,

_____
Shannon Marucci, Plaintiff

_____
Jennifer Bland Lester
17 W. Jefferson Street, Suite 100
Rockville, Maryland 20850
410-433-3972

9

jelester@earthlink.net
CPF #: 0412150008
Attorney for Plaintiff